UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEROME OSCAR ATKINS,

    Plaintiff,                                      Civil Action No. 05-73272-DT
v.                                              HONORABLE VICTORIA A. ROBERTS
                                                 UNITED STATES DISTRICT COURT

GARCIA LABORATORY, Inc.,

    Defendant,
_____/

## OPINION AND ORDER OF SUMMARY DISMISSAL

### I. Introduction

Before the Court is Plaintiff Jerome Oscar Atkins' *pro se* civil rights complaint filed pursuant to 42 U.S.C. § 1983. Plaintiff is a state prisoner currently confined at the Pugsley Correctional Facility in Kingsley, Michigan. For the reasons stated below, the complaint is **DISMISSED WITHOUT PREJUDICE.**

### II. Standard of Review

Plaintiff has been allowed to proceed without prepayment of fees. See 28 § U.S.C. 1915(a); *McGore v. Wrigglesworth,* 114 F. 3d 601, 604 (6th Cir. 1997). However, 28 U.S.C. § 1915(e)(2)(B) states:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that:
> (B) the action or appeal:
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

A complaint is frivolous if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Denton v. Hernandez*, 504 U.S. 25, 32 (1992). *Sua sponte* dismissal is appropriate if the complaint lacks an arguable basis when filed. *McGore,* 114 F. 3d at 612; *Goodell v. Anthony,* 157 F. Supp. 2d 796, 799 (E.D. Mich. 2001).

A *pro se* litigant's complaint is to be construed liberally, *Middleton v. McGinnis*, 860 F. Supp. 391, 392 (E.D. Mich. 1994)(citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); that is, such complaints are held to a "less stringent standard" than those drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Such complaints, however, must plead facts sufficient to show a legal wrong has been committed from which plaintiff may be granted relief. Fed.R.Civ.P. 12(b); *Dekoven v. Bell,* 140 F. Supp. 2d 748, 755 (E.D. Mich. 2001).

To establish a prima facie case under 42 U.S.C. § 1983, a civil rights plaintiff must establish that: (1) the defendant acted under color of state law; and (2) the offending conduct deprived the plaintiff of rights secured by federal law. *Bloch v. Ribar*, 156 F. 3d 673, 677 (6th Cir. 1998) (citing *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)). "If a plaintiff fails to make a showing on any essential element of a § 1983 claim, it must fail." *Redding v. St. Eward*, 241 F. 3d 530, 532 (6th Cir. 2001).

### III.  Complaint

Plaintiff alleges that his employer sent him to the defendant, a private laboratory, in August of 2003 for a random drug urinalysis. Plaintiff claims that the defendant illegally

disclosed the results of his urinalysis to the state trial court before which petitioner had a pending criminal case.  Plaintiff does not specify the crime that he was convicted of or the prison sentence that he received.  However, the Michigan Department of Corrections' Offender Tracking Information System (OTIS), which this Court is permitted to take judicial notice of, *See Ward v. Wolfenbarger,* 323 F. Supp. 2d 818, 821, n. 3 (E.D. Mich. 2004), indicates that plaintiff was convicted on his plea of guilty to one count of delivery or manufacture of less than fifty grams of cocaine and was sentenced to four to twenty years in prison.  Plaintiff claims that as a result of the defendant's disclosure of his urinalysis to the state trial court, the trial court departed above the Michigan Sentencing Guidelines range of 0-11 months and sentenced him to prison.  Plaintiff claims that but for the disclosure of his confidential and privileged urinalysis test to the sentencing court, the trial court would not have sentenced him to prison.  Plaintiff seeks monetary damages.

## IV.  Discussion

Plaintiff's allegations against Garcia Laboratory, Inc. lack an arguable basis in law because plaintiff has not established that this defendant acted under color of state law. *See Goodell v. Anthony,* 157 F. Supp. 2d 796, 800 (E.D. Mich. 2001).  In order to act under the color of state law, a defendant in a § 1983 action must have exercised the power "possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *West v. Atkins*, 487 U.S. 42, 49 (1988)(internal citations omitted).  To determine whether a party's action constitutes state action, a federal court must ask whether the defendant's action may be " 'fairly attributable to the state.'" *Wolotsky v. Huhn*,

3

960 F. 2d 1331, 1335 (6th Cir. 1992)(quoting *Lugar v. Edmondson Oil.*, 457 U.S. 922, 937 (1982)).  The Supreme Court has set forth three tests to determine whether the challenged conduct may be fairly attributable to the state in order to hold defendants liable under section 1983.  These tests are: (1) the public function test, (2) the state compulsion test, and (3) the symbiotic relationship or nexus test. *Wolotsky v. Huhn,* 960 F. 2d at 1335 (internal citations omitted).

In the present case, the defendant cannot be held liable under § 1983, because a private laboratory is not a state actor. *See e.g. Nygren v. Predovich,* 637 F. Supp. 1083, 1088 (D. Colo. 1986).  Morever, the mere fact that plaintiff's employer required plaintiff to take this drug test would not transform either the defendant or plaintiff's employer into a state actor, in order for plaintiff to be able to maintain a Section 1983 complaint against defendant. *See Mares v. Conagra Poultry Co., Inc.,* 773 F. Supp. 248, 254 (D. Colo. 1991)(employer was not transformed into state actor by requiring employee to submit to drug test; federal government's encouragement of compliance with Drug Free Workplace Act did not transform activity into state action).

To the extent that plaintiff is alleging that the defendant was compelled by the state trial court to disclose the results of plaintiff's urinalysis to the state court and that this disclosure lead to plaintiff receiving a prison sentence that he would not otherwise have received, plaintiff would be unable to obtain monetary damages absent a showing that his criminal sentence had been overturned.  To recover monetary damages for an allegedly unconstitutional conviction or imprisonment, a § 1983 plaintiff must prove that the

conviction or sentence was reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by the issuance of a federal writ of habeas corpus. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). Any claim that the defendant may have conspired with the sentencing court to deprive plaintiff of his constitutional rights in connection with his sentencing in state court is barred by the *Heck* doctrine, in the absence of any allegations or proof that plaintiff's sentence has been reversed, expunged, declared invalid, or called into question by the issuance of a writ of habeas corpus. *See Bloom v. Social Sec. Admin.,* 72 Fed. Appx. 733, 735 (10th Cir. 2003); *Horton v. Marovich,* 925 F. Supp. 532, 536-38 (N.D. Ill. 1996).

When a prisoner's civil rights claim is barred by the *Heck v. Humphrey* doctrine, the appropriate course for a federal district court is to dismiss the claim for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(h)(3), rather than to dismiss the complaint with prejudice as being frivolous, because the former course of action is not an adjudication on the merits and would allow the prisoner to reassert his claims if his conviction or sentence is latter invalidated. *See Murphy v. Martin,* 343 F. Supp. 2d 603, 609 (E.D. Mich. 2004). Therefore, because this Court is dismissing plaintiff's § 1983 complaint under *Heck*, the dismissal will be without prejudice. *Diehl v. Nelson*, 198 F. 3d 244, 1999 WL 1045076 (6th Cir. November 12, 1999)(citing to *Fottler v. United States*, 73 F. 3d 1064, 1065 (10th Cir. 1996)).

## V. ORDER

Accordingly, it is **ORDERED** that the complaint is **DISMISSED WITHOUT**

**PREJUDICE.**

                                                      S/Victoria A. Roberts
                                                    Victoria A. Roberts
                                                    United States District Judge

Dated: September 1, 2005

---

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on September 1, 2005.

s/Carol A. Pinegar
Deputy Clerk

---